**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STAN R. KOHN,<br><br>            Plaintiff,<br><br>     v.<br><br>AETNA,<br><br>            Defendant. | Civil Action No. 12-2920 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Defendant AETNA's ("Defendant") Motion to Dismiss, or in the alternative for Summary Judgment, filed on October 24, 2012. (AETNA's Mot., ECF No. 9.) Plaintiff failed to file any opposition. The Court has carefully reviewed the pleadings and Defendant's submissions and resolved the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated below, and other good cause shown, Defendant's Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice.

**I.     Background**

The following facts are drawn from Defendant's statement of undisputed material facts ("SUMF"). (*See* ECF No. 9-1). Those facts are deemed admitted, solely for purposes of this motion, due to Plaintiff's failure to file a response or otherwise oppose Defendant's motion. *See* L. Civ. R. 56.1(a) ("any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion"). The fact that Plaintiff is proceeding *pro se* does not modify application of Local Rule 56.1(a), especially in light of the fact that Plaintiff was informed of the

requirement to file a response to Defendant's motion. *See* ECF No. 8; *Hooks v. Schultz*, No. 07-5627 (JBS), 2010 WL 415316, at * 5 (D.N.J. Jan. 29, 2010) ("Though the Court might be inclined to interpret [Local Rule 56.1] liberally had Plaintiff, appearing *pro se,* filed some opposition, here Plaintiff has failed to file any response. Consequently, the Court will deem all of Defendants' facts to be undisputed.").

Plaintiff brought suit in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section in Monmouth County on or about May 1, 2012. (Notice of Removal, Ex. A, ECF No. 1-1.) Plaintiff and his wife, Debra Kohn, are enrolled in a health plan for which Defendant provides claims benefits services. (SUMF ¶ 2; ECF No. 9-1.) The Small Claims Complaint sought a ruling compelling Defendant to pay for an MRI Plaintiff's wife was about to undergo.

On January 6, 2012, following a pre-certification review, Defendant's agent Care Core National denied the request because it was deemed "not medically necessary." (*Id.* ¶ 4.) Plaintiff, via the doctor who recommended the MRI, appealed the precertification denial. On January 26, 2012, that first appeal was denied. A second internal appeal, again at the behest of Plaintiff's wife's doctor, was undertaken. On March 15, 2012, Aetna's National Clinical Appeals Unit conducted a hearing regarding this second appeal and upheld the previous denials.

On April 1, 2012, Plaintiff's wife filed an external appeal under New Jersey's Independent Health Care Appeals Program (the "Program") available pursuant to N.J. Admin. Code § 11:24A-3.6. The Program provides that "[a]ny covered person . . . may appeal a final internal adverse benefit determination . . . through the Independent Health Care Appeals Program to an [independent utilization review organization ("IURO")]." Here, the external appeal was conducted by IPRO. (SUMF Ex. K.) Following a review of the record related to Plaintiff's wife's

requested procedure, IPRO upheld Defendant's denials and concluded that Plaintiff's wife' "request for bilateral breast MRI is considered experimental/investigational for this patient, therefore it is not medically necessary." (*Id.* at 4.) Plaintiff shortly thereafter filed the above noted suit in Small Claims Court.

II. <u>Analysis</u>

    A.   **Standard for Summary Judgment**

Here, because Defendant seeks consideration of materials outside the pleadings, the Court is compelled to convert this motion into one for summary judgment pursuant to Rule 12(d). When such a conversion takes place, the opposing party "must be given reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Plaintiff has both failed to oppose Defendant's request and failed to submit any opposition to the motion or the facts as proffered by Defendant. As such, Defendant's motion will be treated as an unopposed motion for summary judgment and, as noted above, the facts submitted by Defendant will be considered undisputed for purposes of disposition of this motion.

Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits . . . or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S.

242, 251-52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a verdict in favor of the non-moving party. *Id.* at 248-49. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48.

### B.  Standard of Review

A denial of benefits under a plan covered by ERISA is reviewed under the arbitrary and capricious standard. *Brandeburg v. Corning Inc. Pension Plan for Hourly Emps.*, 243 F. App'x 671, 672-73 (3d Cir. 2007); *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 437 (3d Cir. 1997). The Court exercises only limited review of a plan's decision under the arbitrary and capricious standard. Under the arbitrary and capricious (or abuse of discretion) standard of review, the district court may overturn a decision of a plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law. *Mitchell*, 113 F.3d at 437. The Court is not free to substitute its own judgment for that of the administrator's in determining eligibility for plan benefits. *Fahringer v. Paul Revere Ins. Co.*, 317 F. Supp. 2d 504, 510 (D.N.J. 2003) (citations omitted).

### C.  Discussion

Defendant contends that its denial of Plaintiff's wife's requested MRI was proper and that "Courts have recognized that where after a 'full review' the IURO upholds the plan administrator's denial of coverage, the Court cannot conclude that the denial was an abuse of discretion." (Def.'s Br. 4. (citing *Werbler v. Horizon Blue Cross Blue Shield of New Jersey*, No. 05-3528 (AET), 2006 WL 3511181 (D.N.J. Dec. 5, 2006).) Although the Court is not willing to adopt Defendant's conclusive reading of *Werbler*, it is convinced that, in this case and based

upon these facts, Defendant's decision to deny Plaintiff's request was not arbitrary and capricious. As noted above, under this deferential standard of review, the Court is not free to substitute its own judgment for that of Defendant, especially in light of the external review afforded Plaintiff. The Court, after carefully reviewing the record submitted along with Defendant's motion, is confident that the denial of Plaintiff's request was based upon substantial evidence and can find no reason to determine that Defendant acted in an arbitrary or capricious manner. As such, Defendant's motion for summary judgment is GRANTED and Plaintiff's complaint is DISMISSED with prejudice.

**III.   Conclusion**

For the reasons stated above Defendant's motion for summary judgment is GRANTED and Plaintiff's complaint is DISMISSED with prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: May 6th, 2013